ALIANO v. EAGLE LOCK CO.

(Circuit Court of Appeals, Second Circuit.   January 23, 1917.)

No. 145.

PATENTS ☜328—INVENTION—LOCK.
    The Aliano patent, No. 873,481, for a lock, claim 10, *held* void for lack
of invention, in view of the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Frank S. Aliano, trading as the H. & A. Lock Company, against the Eagle Lock Company.   Decree for defendant, and complainant appeals.   Affirmed.

This is an appeal from a decree holding claim 10 of patent to Frank S. Aliano, No. 873,481, valid, but not infringed.  The patent is for a new kind of lock, which consists of a swinging hasp containing at its end a box, or plate, called the "works box," in which the lock proper is held.  From one side of the works box protrudes the bolt.  When the hasp falls, the whole box fits inside an orifice of the counterpart of the lock, known as the "keeper plate," which is fastened to the outside of the cover to be locked, usually a trunk. The portion of the keeper plate adjacent to the edge of this opening is struck up, so as to be contained within a downwardly projecting rim of the hasp; the theory being thus to protect the lock from tampering.  The claim is as follows:
    "10.  In a lock, the combination with a swinging hasp having a downwardly projected circular flange, or rim, on the head thereof, a cylindrical cup having a closed bottom, within said head and having a bolt opening in the side thereof, a bolt adapted to be projected through said opening, and means whereby movement of said bolt is controlled, of a lock or socket plate having a circular opening therein and the portion thereof adjacent to the edge of said opening raised or drawn up so as to be contained within the flange or rim of the hasp, to permit the cup to pass through the opening and to permit the bolt to be projected thereunder between said lock or socket plate and a trunk or chest."
    The defendant attacked the validity of the claim, and put in evidence several prior locks, in one of which, Exhibit A, the works cup projected through an orifice of the keeper plate, but the hasp had no depending flange; instead of this, the flange extended horizontally, and the keeper plate was bent up, so that the horizontal flange nestled within the depression in the plate.  On the other hand, in Exhibit F, introduced in evidence, the hasp had a depending flange, and co-operated with the keeper plate in the same way as in the patent in suit, but the works box did not pass through the orifice in the keeper plate.  The defendant insists that the step of combining the elements in these two prior patents did not constitute invention.

Otto Munk, of New York City, for appellant.

John P. Bartlett, of New York City, for appellee.

Before COXE and WARD, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM.  The plaintiff's lock, strictly speaking, is new.   It is composed of Exhibit A and Exhibit F.   In Exhibit A the works cup

projects through the orifice in the keeper plate, but there is no downwardly projecting flange from the hasp. In Exhibit F there is a downwardly projecting flange from the hasp, but the works cup does not project through the orifice in the keeper plate. The patentee must of course be credited with that advance in the art.

In Exhibit A the keeper plate is struck up above the orifice, so that the hasp shall set down flush into it. That is one form, and, so far as appears, as good a form as the plaintiff's. It is true that, if one tries to pry off the plaintiff's lock, the edge of the keeper plate will be jammed between the downwardly projecting flange and the bolt. In Exhibit A there is a flange upon the brim of the hasp which extends beyond the works cup. The edge of the keeper plate is grasped between the bolt and this flange in somewhat the same way as it is in the patent in suit. We cannot see that there is sufficient difference whether one bends the flange of the hasp down over a struck up portion of the keeper plate as Aliano has done, or whether one strikes up the keeper plate beyond the periphery of the hasp, as is done in Exhibit A. There are various ways in which the edges of the hasp and the keeper plate may be bent with reference to each other, so as to prevent any one from intruding between them and to create a certain leverage when one tries to pry them off by force, but such variations hardly seem to us to require invention. There is no sufficient proof of successful user to make up for the apparent simplicity of the device.

If the precise co-operation of flange and keeper plate had not been shown in Exhibit F, or if the large orifice in the keeper plate had not been shown in Exhibit A, it might have required invention to combine them. Each was complete in detail; the only inventive idea was to combine them. We think it was merely one of the options which lay about handy for any one to adopt, and that the claim based upon it is void.

Decree affirmed, with costs.